UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD DENSON,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

2:15-cv-01473-APG-PAL

**ORDER**

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, brought by Nevada prisoner Richard Denson. *See* Petition for Writ of Habeas Corpus (ECF No. 4). On October 19, 2016, respondents filed a motion for a more definite statement (ECF No. 22). Denson did not respond to that motion.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). The motion requesting a more definite statement must identify defects and specify the details desired. *Id*. The court in a habeas corpus action may "consider a motion from respondent to make the petition more certain." *See* Advisory Committee Notes to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The resolution of a motion for more definite statement is a matter within the discretion of the court. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

"[A] federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)).  A habeas corpus petition under 28 U.S.C. § 2254 must "specify all the grounds for relief available to the petitioner," and must "state the facts supporting each ground."  Rule 2(c) (1) and (2), Rules Governing Section 2254 Cases in the United States District Courts.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977) (quoting Advisory Committee Notes to Rule 4).

Denson did not respond to respondents' motion for more definite statement.  In a response, Denson could have clarified some of the ambiguity in his petition pointed out by respondents.  Denson did not do so.  The court takes this into consideration in resolving this motion.  *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

Denson's failure to respond to respondents' motion, and the time -- more than a year -- since he has taken any action in this case, raises the question whether Denson has kept the court apprised of his current address.  *See* LR IA 3-1 ("[P]ro se party must immediately file with the court written notification of any change of mailing address ..." and "[f]ailure to comply with this rule may result in the dismissal of the action...").  The court will direct Denson to confirm his mailing address.

Turning to the substance of respondents' motion, Denson's petition is nearly 100 pages long, and is a patchwork of material copied from documents in other cases and handwritten material; it is unclear how many claims Denson asserts or what exactly his claims are.  Moreover, respondents point out that Denson's petition discusses, and appears to challenge, two different state-court convictions, and does not always make clear which claims relate to which conviction.  "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering

the judgment or judgments of each court." Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts. In short, Denson's petition is too vague and ambiguous to require a response from respondents.

The court will, therefore, set a schedule for Denson to file an amended petition (after he confirms his mailing address). Denson's amended petition must be drafted on the form provided by the court (he should write "Amended" above "Petition" on page 1). Denson's amended petition must challenge only one state-court judgment of conviction, and must make clear which judgment of conviction that is. (If Denson wishes to challenge a second state-court judgment of conviction, he must initiate a second federal habeas corpus action to do so.) Denson must number, consecutively, the claims in his amended petition, such that each numbered claim sets forth one discrete, understandable, ground for relief, and states the facts supporting that ground for relief.

If Denson fails to comply with any directive in this order, this action will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that petitioner shall, within 20 days from the date of this order, file a notice informing the court of his current mailing address.

**IT IS FURTHER ORDERED** that respondents' Motion for More Definite Statement (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within 60 days from the date of this order, petitioner shall file an amended petition for writ of habeas corpus as described above.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send petitioner, along with a copy of this order, two copies of the form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

Dated: January 26, 2017.

_____
UNITED STATES DISTRICT JUDGE