Richard Allen Denson
Name
1058541
Prison Number
Southern Desert Correctional Center
Place of Confinement



FILED
ENTERED
COUNSEL/PARTIES OF RECORD
MAR 1 3 2018
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

RICHARD ALLEN DENSON, Petitioner, )
(Full Name)                       )
              vs.                 )   CASE NO. 2:15-cv-01473-APG-PAL
                                  )   (To be supplied by the Clerk)
DWIGHT NEVEN, et al., Respondent, )
(Name of Warden, Superintendent, jailor or )   **AMENDED**
authorized person having custody of petitioner) )
                                  )   PETITION FOR A
                                  )   WRIT OF HABEAS CORPUS
         and                      )   PURSUANT TO 28 U.S.C. § 2254
                                  )   BY A PERSON IN STATE CUSTODY
The Attorney General of the State of Nevada )   (**NOT** SENTENCED TO DEATH)

---

1. Name and location of court, and name of judge, that entered the judgment of conviction you are challenging: District Court Clark County Hon. Judge Barker Dept. No XVIII

2. Full date judgment of conviction was entered: 10 / 07 / 10 . (month/day/year)

3. Did you appeal the conviction? X Yes ___ No.  Date appeal decided: 07 / 14 / 15 .

4. Did you file a petition for post-conviction relief or petition for habeas corpus in the state court? X Yes ___ No. If yes, name the court and date the petition was filed: District Court (Clark) Dept. XVIII 09 / 26 / 11 . Did you appeal from the denial of the petition for post-conviction relief or petition for writ of habeas corpus? X Yes ___ No. Date the appeal was decided: 08 / 20 / 15 . Have all of the grounds stated in this petition been presented to the state supreme court? ___ Yes ___ No. If no, which grounds have not? _____

5. Date you are mailing (or handing to correctional officer) this petition to this court: 03 / 09 / 18 .
   **Attach to this petition a copy of all state court written decisions regarding this conviction.**

6. Is this the first federal petition for writ of habeas corpus challenging this conviction? _X_ Yes ___ No. If no, what was the prior case number? _____. And in what court was the prior action filed? _____. Was the prior action ___ denied on the merits or ___ dismissed for procedural reasons (check one). Date of decision: ___/___/___. Are any of the issues in this petition raised in the prior petition? ___ Yes ___ No. If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this successive petition? ___ Yes ___ No.

7. Do you have any petition, application, motion or appeal (or by any other means) now pending in any court regarding the conviction that you are challenging in this action? ___ Yes _X_ No. If yes, state the name of the court and the nature of the proceedings: _____

8. Case number of the judgment of conviction being challenged: __C257081__.
9. Length and terms of sentence(s): __10 years to Life__.
10. Start date and projected release date: _____.
11. What was (were) the offense(s) for which you were convicted: __Habitual Criminal NRS 207.010__.
12. What was your plea? _X_ Guilty ___ Not Guilty ___ Nolo Contendere. If you pleaded guilty or nolo contendere pursuant to a plea bargain, state the terms and conditions of the agreement: __"Large" habitual - argue concurrent consecutive to case no. C257359__.
13. Who was the attorney that represented you in the proceedings in state court? Identify whether the attorney was appointed, retained, or whether you represented yourself *pro se* (without counsel).

|  | Name of Attorney | Appointed | Retained | *Pro se* |
|---|---|---|---|---|
| arraignment and plea | Cynthia Dustin | X | | |
| trial/guilty plea | " " | X | | |
| sentencing | " " | X | | |
| direct appeal | Dayvid Figler | X | | |
| 1st post-conviction petition | Richard Denson | | | X |
| appeal from post conviction | Dayvid Figler | X | | |
| 2nd post-conviction petition | N/A | | | |
| appeal from 2nd post-conviction | N/A | | | |

State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

## GROUND 1

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my __Sixth__ Amendment right to __Counsel (Effective)__, based on these facts:

Amended

¶1 State appointed counsel Ms. Cynthia Dustin was ineffective pursuant to the standards in Strickland v Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct 2052 (1984) In that: (1), failed to review information relevant to sentencing; (2), failed to provide mitigation in support of CONCURRENT sentences; (3), failed to submit both errors and findings to the Court in the Presentence Investigation Report (P.S.I), and failed to expose the Judgment of Convictions (JOC) to investigation(s). As previously exhausted in State court.

¶2        (1) & (2) Mitigation and Review

Ms. Dustin (hereinafter "counsel") failed to provide, submit, relate, or reiterate, a shred of mitigation to the Court at the sentencing hearing. Counsel stated "... there are no crimes per se of violence..." (Sentencing Transcript at pg.4). When in fact nowhere in the criminal history of my records does violence appear. The Court notified counsel that its inclination was to run case no C257 081 (this case) "wild" with my previous case (C257359). Counsel should have known my history otherthan my criminal history. Yet, when the time presented itself counsel simply recited what would take place if I was to receive consecutive habitual criminal sentences.                    Next page at 3(a) —

**Exhaustion of state court remedies regarding Ground 1:**

3

## GROUND 1
(continued)

¶3. In open court, counsel was asked to submit "one thing that this man has done in his adult life that is a positive thing, just tell me one, because I don't see it" (S.T. at pg. 10). One thing, the judge asks counsel for one thing "because [he] don't see it". Counsel makes no relevant response. Even though, not only did numerous "things" exist but they were known. For example: A), I worked numerous years or how else could I have collected unemployment insurance?. B), I had an Honorable Discharge from probation in Utah. C), I have (had at time of sentence) marketable skills, I was a certified welder. D), I worked in the Uranium mines in Utah. E), I am an artist. F), I married a women with children and helped both financially and emotionally in their raising. F), My own childhood was from a broken home from age 11 on. (Et. al.)

¶4 Yet, counsel remained silent at the time of my sentencing. See Strickland 466 U.S. at 690, 104 S.Ct at 2006. (Reviewing Court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct") (emphasis added). In my case, counsel's conduct was far less than reasonable. In light of the possible sentence. And, my particular case history provided no violent offenses, with a significant number remote in nature, perpetrated, while I was in my teens. Again, counsel (at that time) submitted nothing.¹

¶5. I submit to this Court, my attached Declaration in support of the mitigators present at the time of my sentencing. Also, why I had not been more proactive in there application or submission to the sentencing court. As afore-mentioned, the judge asked for one thing. What if, several things had been offered? At that moment, I assert, in his discretion, the judge would have seen me as the prosecutor had seen me in our one on one prior to sentencing. ⟶

---

FN1 I realize I was granted an Evidentiary Hearing in state district court. And, that hearing touched (however briefly) upon my I.A.C. claim. But, I would respectfully submit, based on the record, that Judge Barker, at the time of sentencing, was seeking positive input in his discretionary review. Why else would he put counsel on notice by his questioning?

## GROUND 1
### (continued)

¶6. Mr. Scow (Prosecutor) noted to the Court that <u>after</u> he spoke to me the State would not argue for consecutive sentences.[2] Counsel never once put that discussion to the Court, as relevant. At <u>that</u> time, what was so compelling that would have the State relinquish it's <u>right</u> to argue for consecutive sentences? The State briefly touched upon this.[3] However, counsel did not.

¶7 Instead, counsel states (as the record shows) in pertinent part, "[A]nd I [counsel] understand he's got a lengthy criminal history, but there's no violence, he's not pushing drugs to kids, he's not robbing people at gunpoint".[4] I would submit that had I, "push[ed] drugs [on] kids", or, "robbed people at gunpoint" this §2254 would **NOT** be attempted. Despite what Judge Barker required of counsel, "one thing" positive, <u>this</u>, is what I get. I respectfully would assert this is contrary to reasonable. See <u>Strickland</u>, 466 U.S. at 686-87, 104 S.Ct at 2063-64. And, **prejudiced** any hope I had (and, the Judge expressed <u>at that time</u>)[5] of concurrent sentences. See <u>Strickland</u>, 466 U.S. at 687 ("A **reasonable** probability is a probability sufficient to undermine confidence in the outcome") Id. (emboldened emphasis added).

¶8 I do concede the point that counsel indicated that she reviewed the certified JOC's presented by the State to determine whether they met the basic constitutional requirements (S.T. at pg 3). However, counsels determination as to the specific nature of the charged offenses, when they occurred, and the dispositions went overlooked. Inasmuch as supporting a <u>concurrent</u> sentence. A reasonable presentation of a synopsis of the nonviolent offenses and the over 25 year old convictions **went ignored**.

---

FN2   See (S.T. at pg 5,6. Oct 4 2010). Also: the Presentence Investigation Report at page 2, under III PLEA NEGOTIATIONS, noted "The State retains the right to argue at rendition of sentence including for consecutive time to Case No C257081."

FN3   See Sentencing Transcripts at pg. 5 Oct. 4, 2010

FN4   Recorder's Transcript RE: Sentencing, 8-10 October 4, 2010.

FN5   I would respectfully note that Judge Barkers demeanor at the initial sentencing was never combative towards me. I also note that my sentencing was originally dated 9/27/2010, but extended to 10/4/2010 so that counsel could confer with me — however, that conference never took place. (See Declaration at 1).

3b

## GROUND 1
### (Continued)

¶9.      (3) <u>Presentence Investigation Report</u>

The P.S.I. report was submitted to counsel. I use it to show how both errors and findings went ignored by counsel. In these factual allegations lie the supposition that counsel did not review the report, or, reviewed it with only minimal attention to the details.

    A). <u>Sentencing Date</u> incorrect, actual date: <u>Oct. 4, 2010</u>     Pg.1
    B) <u>Childhood</u> "... raised by his mother ..."     Pg.2
    C). <u>Married</u>     Pg 2
    D) <u>Children</u> "... ages 13, 17 & 18 ..."     Pg 2
    E). <u>Institutional /Supervision Adjustment</u> "... successfully ..." Pg.6
        <u>Prior Terms</u>, Honorable !     Pg.3
    F). <u>Employment History</u> "... working as a Carpenter for the past <u>6</u> years. Before that ... Uranium miner in Utah for about <u>2</u> years. He also ... artist ... portrait/picture artist.     Pg.3

¶10. The report designates the Honorable Michael Villani in Dept. no XVII. Also "... including for consecutive time to Case No C257081 ..." under the sub-heading <u>III PLEA NEGOTIATIONS</u>. I respectfully point-out that even a cursorary review would note the above-mentioned. The supportive information to further the <u>concurrent</u> sentence discussion. When "one thing" was requested. I point to several facially available things. Employment History — I was a tax payer, is that not contributory to society. Or, completing "successfully" a prior supervision. Mitigator? Yet, counsel did not even mention these. It is a wonder if she read the P.S.I.? I include, the sub-heading <u>III PLEA NEGOTIATIONS</u> — why counsel did not comment on the States apparent reversal on arguing for <s>a</s> ²ᵒ consecutive sentences. This <u>after</u> I spoke to Mr Scow. Yet, nothing.

¶11 I recieved a consecutive <u>8</u> to <u>20</u> years to <u>10</u> to <u>Life</u> which is typically reserved for the most heinous crimes. I fully understand that adjudicating to habitual status was proper. However, to stack <u>consecutive</u> habitual statutory sentences when raising the <u>8</u> to <u>20</u> years <u>concurrently</u> to the <u>10</u> years to <u>Life</u> would have enhanced the sentence accordingly, to my mitigation. Which, to my detriment went unheard.

## GROUND I
### (continued)

¶11. I understand that opposition to the reference to the P.S.I. being ignored is to say that it was part of the record. Therein, it is assumed the Court reviewed its contents. Even so, I would simply say why the question put to counsel? If the court had known that more than one positive thing had existed? I would respectfully submit that the Court may have overlooked my P.S.I.. If so, then the judge abused her discretion. But, I point-out, once again, that her discretion was overly influenced by counsel's ineffective (missing) representation of both the errors and factual findings in the P.S.I.. Respectfully.

¶12.             (4) Judgment Of Convictions

"And I understand that he's got a lengthy criminal history..." (Recorder's Transcript RE: Sentencing, 8-10 October 4, 2010). I stipulated to a second habitual criminal statute charge (NRS 207.010). It goes without saying "he's got a lengthy criminal history". That, is the extent of counsel's investigation. It's factual. It's direct. It's in the record. This one sentence covers the States introduction of J.O.C's from the States of: Montana (1984-1991); Nebraska (1994); Wyoming (1995); a break of 13 years, Utah (2008). I agreed to being adjudicated an habitual criminal, that, should have allowed counsel more than an opportunity.

¶13. The Court stated "So Ms Duslin has had the opportunity to review and determine whether or not they [prior convictions] meet the basic constitutional — they're constitutionally firm." (Recorder's Transcripts RE: Sentencing, 3 Oct. 4 2010). My question goes to, my pleading guilty should have freed counsel to review the remote nature of the Montana convictions, the nonviolent nature of ALL my cases, the break of some 13 years inbetween offenses, AND, what I did positive. This, I respectfully would submit, warranted more than one sentence.

3 d

## GROUND 1
### (continued)

¶14.   <u>Conclusion / Remedy</u>

The Sixth Amendment has been interpreted to require effective assistance of counsel in criminal cases. This interpretation has been extended to include sentencing. I am not a lawyer. I have limited resources and access to legal materials. However, the United States Supreme Court in <u>Strickland</u> mandated certain things. In these things someone (like me) must show unreasonable assistance and the prejudice that resulted from this unreasonable assistance.

¶15   I preface by saying, I do not seek dismissal of my charges. I know what I did. I do NOT request this Court to alter guilt adjudication(s), by <u>me</u>. No. What I respectfully request, is that I be given effective assistance to submit my case in case no. <u>C25 7081</u> and show what "positive things" I had done. With these mitigators, I would show that ~~any~~ reasonable person would have no confidence in imposing <u>consecutive</u> habitual criminal charges

¶16.  However, I know this would be argued has been done in a subsequent evidentiary hearing. Wherein, Judge Barker remained the same. But, <u>Strickland</u> mandates that my particular case must be "<u>viewed as of the time of counsel's conduct</u>". (Supra at page 3a, ¶4). Which, allows this Court to take into consideration Judge Barker's reasoning for asking counsel to name "<u>one thing</u> that this man has done in his adult life that is a positive thing" (the Judge goes even further) ("<u>just one thing</u>)." <u>JUST TELL ME ONE</u>" (and clarifies his review) "because <u>I DON'T SEE IT</u>" (EMPHASIS added).

## GROUND 1
(continued)

§17. One thing existed. In fact, more than one thing existed. Counsel was asked a direct question. But, because she **unreasonably** failed to investigate my case facts her colloquy to the Court **prejudiced** any <u>concurrent</u> sentence. Thus, case no C25 7081, 10 to Life, was ran <u>consecutive</u> to case no C257359 of 8 to 20 years. Effectively giving me an <u>18 year</u> to <u>life</u> sentence. Based on the lack of offering "one thing" in mitigation.

§18. I humbly request that this Honorable Court find that, based on the foregoing and any/all pleadings, papers or evidence that: Counsel was ineffective, therein, prejudicing the outcome at sentencing. That outcome, being to run both habitual criminal statutes **concurrent** giving me a <u>10 year</u> to <u>LIFE</u> term. As opposed to <u>consecutive</u> sentences.

In the alternative:

Any relief the Honorable Court deems appropriate.

Respectfully,

*Rich Denson*

RICHARD ALLEN DENSON
Petitioner
In Propria Persona

3 f

- **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

_X_ Yes ___ No. If no, explain why not: _____

- **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

_X_ Yes ___ No. If no, explain why not: _____

If yes, name of court: Clark County Dist. Ct. / Ct of Appls  date petition filed 09 / 26 / 11.
Did you receive an evidentiary hearing? _X_ Yes ___ No. Did you appeal to the Nevada Supreme  07 / 14 / 15
Court? _X_ Yes ___ No. If no, explain why not: _____

If yes, did you raise this issue? _X_ Yes ___ No. If no, explain why not: _____

- **Second Post Conviction:** N/A

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes ___ No. If yes, explain why: _____

If yes, name of court: _____ date petition filed ___/___/___.
Did you receive an evidentiary hearing? ___ Yes ___ No. Did you appeal to the Nevada Supreme
Court? ___ Yes ___ No. If no, explain why not: _____

If yes, did you raise this issue? ___ Yes ___ No. If no, explain why not: _____

- **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on this issue (such as administrative remedies)? _X_ Yes ___ No. If yes, explain: This is an Amended filing to my initial § 2254

**State concisely every ground for which you claim that the state court conviction and/or sentence is**

4

unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

## GROUND 2

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my __Fourteenth__ Amendment right to __Due Process of Law__, based on these facts:

Judge David B. Barker abused his discretion when imposing consecutive sentences.

¶1 At sentencing Judge Barker demanded of Defense counsel that she name "one thing that this man has done in his adult life that is a positive thing, just tell me one, because I don't see it" (Sentencing Transcripts at pg. 10) (underlined emphasis added)

¶2 Just prior to imposing sentence the Judge states: "on all the information we've talked here about" (Sentencing Transcript at pg. 11) (underlined emphasis added)

¶3 Judge Barker (based on this record) sentences me to 10 years to LIFE under NRS 207.010 CONSECUTIVE to 8 years to 20 years under NRS 207.010. Multiple habitual criminal enhancements to be run "wild". The Judge never reviewed the Presentence Investigation Report (or, why the question to defense counsel)? More than "one thing" existed that factually and facially showed to be "positive".

¶4 Undoubtedly it would be asserted that the Judge did review the P.S.I. and found it wanting. However, mitigators are defined. Why the need for a P.S.I. if discretion overrules mitigation. It does not. Therefore, my listed mitigators answers the Judge's question and his imposition of CONSECUTIVE sentences abuses the discretion afforded him in this instance. Respectfully,

Exhaustion of state court remedies regarding Ground 2:
▸ **Direct Appeal:**

5

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

_X_ Yes ___ No. If no, explain why not: _____

- **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

_X_ Yes ___ No. If no, explain why not: _____

If yes, name of court: **Clark County Dist. Ct / Ct of Appls.** date petition filed 09/26/11
07/14/15
Did you receive an evidentiary hearing? _X_ Yes ___ No. Did you appeal to the Nevada Supreme Court? _X_ Yes ___ No. If no, explain why not: Court of Appeals

If yes, did you raise this issue? _X_ Yes ___ No. If no, explain why not: _____

- **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes ___ No. If yes, explain why: _____

If yes, name of court: _____ date petition filed __/__/__.
Did you receive an evidentiary hearing? ___ Yes ___ No. Did you appeal to the Nevada Supreme Court? ___ Yes ___ No. If no, explain why not: _____

If yes, did you raise this issue? ___ Yes ___ No. If no, explain why not: _____

- **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on this issue (such as administrative remedies)? _X_ Yes ___ No. If yes, explain: Amended previous 2254

**State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two**

6

# DECLARATION
## 28 U.S.C.A. § 1746

I, Richard Allen Denson, do hereby declare the following:

1) My sentencing date as reflected in the P.S.I. was extended 1 week so that Ms. Cynthia Dustin could talk to me. In that 1 week she never got in contact with me;

2) At sentencing counsel said: "There is no way that you'll get consecutive time for non-violent crime committed during a recession it will never happen the (DA) gave us a guarantee" concerning consecutive sentences in case no.s C257681 and C257359;

3) At the time of sentencing I had mitigators in the form of: 2006 I purchased a home in Tooele, Utah. I used the money I made as a contractor and miner $10,000.00 (legitimate down payment); I owned 2 cars and paid insurance and maintained a valid drivers license. From 1/2008 to 10/2008 I completed "Crescent Moon's school of Healing; In 2003, I worked as a subcontractor (licensed in Montana) doing general concretes – working for the City of Great Falls Montana – Verified ALL of the above Mitigators.

- I can provide further verifiable mitigation. (Phoenix Construction)

### UNDER THE PENALTY OF PERJURY

I, the undersigned, certify, declare, or state that the foregoing is true and correct, to the best of my knowledge and belief in accordance with NRS § 208.165 and 28 U.S.C.A. § 1746.

EXECUTED ON THIS **9th** DAY OF **MARCH** 2018

_Rich Denson_
RICHARD ALLEN DENSON
NDOC No. 1058541
Southern Desert Correctional Center
P.O. Box 208
Indian Springs, NV. 89070

Case 2:15-cv-01473-APG-PAL   Document 46   Filed 03/13/18   Page 14 of 19

## CERTIFICATE OF SERVICE

I, __Richard A Denson__, hereby certify that I am the Petitioner in this matter and I am representing myself *in propria persona*.

On this __9th__ day of __March__, _____, I served copies of the __Petition (28 U.S.C. § 2254)__

in Case No. __2:15-cv-01473-APG-PAL__, and placed said document(s) in the United States Mail, first-class postage prepaid, addressed as follows:

U.S. District Court
333 Las Vegas Blvd South
Las Vegas NV, 89101
Clerk of The Court

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Petitioner in the above-entitled action, and he has read this Certificate of Service and the information contained therein is true and correct.

Executed pursuant to 28 U.S.C. § 1746 and 18 U.S.C. § 1621 at __Southern Desert Correctional Center__ on this __9th__ day of __March__, __2018__.

_Rich Denson_
Richard Allen Denson    NDOC No __1058541__
Petitioner – In Propria Persona

_Radford Smith W/Petitioner_
(Name of person who wrote this
complaint if not Plaintiff)

_Rich Denson_
(Signature of Plaintiff)

_March 9th 2018_
(Date)

_N/A_
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## DECLARATION UNDER PENALTY OF PERJURY

I understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Executed at _Southern Desert Correctional Center_ on _March 9th 2018_
                                  (Location)                                          (Date)

_Rich Denson_                                    _1058541_
(Signature)                                       (Inmate prison number)

Richard A. Denson
S.D.C.C.
P.O. Box 208
Indian Springs, NV. 89070

In Propria Persona

9

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

RICHARD ALLEN DENSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66064

FILED

JUL 14 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

   This is an appeal filed under NRAP 4(c) from a judgment of conviction entered pursuant to a guilty plea. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

   First, appellant Richard Denson contends his guilty plea is invalid because his plea was rushed, he did not consult with one of his counsel, he was coerced into pleading guilty, he did not understand what "stipulation" meant, and the plea canvass was not thorough enough. However, challenges to the validity of a guilty plea must be raised in the district court in the first instance, *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986), unless the error clearly appears from the record, *Smith v. State*, 110 Nev. 1009, 1010 n.1, 879 P.2d 60, 61 n.1 (1994). Denson did not file a presentence motion to withdraw his guilty plea nor has he demonstrated the alleged errors clearly appear from the record. Therefore, this claim is improperly raised in his appeal from the judgment of conviction and we decline to review this claim.

   Second, Denson claims the district court abused its discretion by adjudicating him a habitual criminal because it failed to consider the

COURT OF APPEALS
OF
NEVADA

(O) 1947B

15-900770

remoteness and nonviolent nature of his prior convictions. Denson also claims the district court failed to explain why habitual criminal adjudication was just and proper.

The habitual criminal statute makes no special allowance for non-violent crimes or for the remoteness of the prior convictions; these are merely considerations within the discretion of the district court. *Arajakis v. State*, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992). Further, while due process requires a sentencing court to exercise its discretion before adjudicating a defendant a habitual criminal, it is not required to make particularized findings that it is "just and proper" to impose a habitual criminal adjudication. *Hughes v. State*, 116 Nev. 327, 333, 996 P.2d 890, 893 (2000). "[A]s long as the record as a whole indicates that the sentencing court was not operating under a misconception of the law regarding the discretionary nature of a habitual criminal adjudication and that the court exercised its discretion, the sentencing court has met its obligation under Nevada law." *Id.* at 333, 996 P.2d at 893-94.

Here, the district court knew that Denson had stipulated to "large" habitual criminal treatment, listened to argument of counsel, reviewed numerous prior convictions that spanned 24 years and 5 states, and learned Denson had been arrested on new felony charges while on bail in this case. The district court found Denson was eligible for habitual criminal adjudication, his criminal history was extensive and long, and determined he was a continuing threat to the community. Nothing in the record suggests the district court misunderstood the discretionary nature of the habitual criminal adjudication or failed to exercise its discretion.

To the extent Denson claims the district court erred by ordering his sentence to be served consecutive to another case, Denson

COURT OF APPEALS
OF
NEVADA

2

(O) 1947B

fails to demonstrate the district court abused its discretion. *See* NRS 176.035(1); *Pitmon v. State*, 131 Nev. ___, ___ P.3d ___ (Adv. Op. No. 16, March 26, 2015, at 6); *Warden, Nev. State Prison v. Peters*, 83 Nev. 298, 303, 429 P.2d 549, 552 (1967). Further, Denson fails to demonstrate that the record demonstrates "prejudice resulting from consideration of information or accusations found on facts supported only by impalpable or highly suspect evidence." *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Therefore, we conclude that Denson is not entitled to relief, and we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Tao

_____, J.
Silver

cc: Hon. David B. Barker, District Judge
Dayvid J. Figler
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

Richard Denson
NDOC No 1058541
Southern Desert Correctional Center
P.O. Box 208
Indian Springs, NV 89070

N/r #23/1411
Les

ATTN: Clerk Of The Court
Amended 53254

UNITED STATES DISTRICT COURT
333 Las Vegas Blvd — South
Las Vegas, NV 89101

CONFIDENTIAL

FIRST-CLASS MAIL
POSTAGE $001.63
ZIP 89101
011E12650616