# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

RICHARD DENSON,

    Petitioner,

v.

JERRY HOWELL, *et al.*,

    Respondents.

Case No. 2:15-cv-01473-APG-PAL

**ORDER**

(ECF Nos. 37, 43)

This action is a *pro se* petition for writ of habeas corpus by Richard Denson, a Nevada prisoner convicted of burglary in Nevada's Eighth Judicial District Court, in Clark County. Pending are a motion to dismiss filed by the respondents, and a motion for stay filed by Denson. Subsequent to the filing of those motions, however, Denson filed a second amended habeas petition. I will grant Denson leave to file the second amended petition, and deny the motion to dismiss and motion for stay as moot.

Denson's petition for writ of habeas corpus (ECF No. 4) initiating this action was received on July 31, 2015. After the matter of the payment of the filing fee was resolved, the respondents filed a motion for more definite statement on October 19, 2016. ECF No. 22. I granted the motion for more definite statement on January 26, 2017 and stated:

> Turning to the substance of respondents' motion, Denson's petition is nearly 100 pages long, and is a patchwork of material copied from documents in other cases and handwritten material; it is unclear how many claims Denson asserts or what exactly his claims are. Moreover, respondents point out that Denson's petition discusses, and appears to challenge, two different state-court convictions, and does not always make clear which claims relate to which conviction. "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts. In short, Denson's petition is too vague and ambiguous to require a response from respondents.
>
> The court will, therefore, set a schedule for Denson to file an amended petition (after he confirms his mailing address). Denson's amended petition must be drafted on the form provided by the court (he should write "Amended" above "Petition" on page 1). Denson's amended petition must challenge only one state-

> court judgment of conviction, and must make clear which judgment of conviction that is. (If Denson wishes to challenge a second state-court judgment of conviction, he must initiate a second federal habeas corpus action to do so.) Denson must number, consecutively, the claims in his amended petition, such that each numbered claim sets forth one discrete, understandable, ground for relief, and states the facts supporting that ground for relief.
>
> If Denson fails to comply with any directive in this order, this action will be dismissed without prejudice.

ECF No. 24.

Denson filed an amended habeas petition on May 25, 2017. ECF No. 29. On September 28, 2017, the respondents filed their motion to dismiss (ECF No. 37), pointing out that Denson's amended petition, like his original petition, challenged two different convictions and still did not make clear which claims relate to which conviction. In addition, the respondents contended that certain of Denson's claims in the amended petition are unexhausted in state court. Denson did not file an opposition to the motion to dismiss.

On February 16, 2018, Denson filed a motion to stay proceedings (ECF No. 43), in which he appeared to request a stay of this action while he exhausts claims in state court. The respondents filed an opposition to the motion for stay on February 28, 2018 (ECF No. 44), and Denson filed a reply on March 7, 2018 (ECF No. 45). On March 13, 2018, Denson filed a second amended petition for writ of habeas corpus. ECF No. 46.

I construe Denson's filing of the second amended petition as a motion for leave to amend. A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (recognizing general applicability of rules of civil procedure in habeas cases). Denson's motion for leave to amend is governed by Federal Rule of Civil Procedure 15(a)(2), which permits an amended pleading "only with the opposing party's written consent or the court's leave." The court "should freely give leave when justice so requires." *See, e.g., Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993) (denial of leave to amend reviewed "for abuse of discretion and in light of the strong public policy permitting amendment."). Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously

amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). It appears that Denson has attempted to cure the shortcomings of his original and first amended petitions (however, I do not make any finding here with respect to whether he has been successful in doing so). It does not appear that Denson has acted in bad faith or with undue delay, and there is no appearance of prejudice to the respondents. It does not appear that Denson's further amendment would necessarily be futile. I therefore will allow the filing of the second amended petition.

This renders moot both the respondents' motion to dismiss and Denson's motion for stay, and both motions will be denied on that ground. I will set a schedule for the respondents to respond to the second amended petition.

IT IS THEREFORE ORDERED that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court shall substitute Jerry Howell for Dwight Neven, on the docket for this case as the respondent warden, and shall update the caption of the action to reflect this change.

IT IS FURTHER ORDERED that petitioner is granted leave of court for the filing of his second amended petition for writ of habeas corpus (ECF No. 46). As the second amended petition has already been filed, the Clerk of the Court need take no further action in that regard.

IT IS FURTHER ORDERED that respondents' Motion to Dismiss **(ECF No. 37) is DENIED**.

IT IS FURTHER ORDERED that petitioner's Motion to Stay Proceedings **(ECF No. 43) is DENIED**.

IT IS FURTHER ORDERED that the respondents shall, within 90 days from the date of this order, file an answer or other response to the second amended petition (ECF No. 46).

IT IS FURTHER ORDERED that if the respondents file an answer, Denson shall have 60 days to file a reply. If the respondents file a motion to dismiss, Denson shall have 60 days to file a response to the motion to dismiss, and the respondents shall thereafter have 30 days to file a reply in support of the motion.

DATED this 18th day of April, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE