|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | DISTRICT OF NEVADA |
| 3 | RICHARD DENSON, |
| 4 | Plaintiff |
| 5 | v. |
| 6 | JERRY HOWELL, *et al.*, |
| 7 | Defendants |

Case No.: 2:15-cv-01473-APG-PAL

**Order Granting Motion to Dismiss**

[ECF No. 48]

Introduction

This action is a *pro se* petition for writ of habeas corpus by Richard Denson, a Nevada prisoner convicted of burglary in Nevada's Eighth Judicial District Court. The respondents filed a motion to dismiss contending that one of the claims in Denson's second amended habeas petition (Ground 2) is barred by the statute of limitations. Denson did not respond to the motion. I determine that the claim is time-barred and that the motion to dismiss is meritorious. I grant the motion to dismiss, dismiss the untimely-filed claim, and set a schedule for the respondents to file an answer and for further briefing regarding the merits of the remaining claims in Denson's second amended petition.

Background

On June 1, 2009, Denson was charged by criminal complaint with conspiracy to commit larceny, burglary, grand larceny, possession of stolen property, malicious destruction of property, and possession of burglary tools. *See* Criminal Complaint, Exh. 1 (ECF No. 38-1, pp. 6-8). A preliminary hearing was held in Las Vegas Justice Court on August 10, 2009. *See* Transcript of Preliminary Hearing, Exh. 2 (ECF No. 38-2). Following the preliminary hearing, Denson was bound over to the district court, and an information was filed on August 14, 2009, charging

Denson with the same six crimes. *See* Information, Exh. 3 (ECF No. 38-3). The information included notice that the State would seek sentencing of Denson as a habitual criminal pursuant to NRS 207.010. *See id.* at 5-6 (ECF No. 38-3, pp. 6-7).

On July 23, 2010, Denson and the State entered into a plea agreement, with Denson agreeing to plead guilty to one count of burglary in that case (Case No. C257081) and one count of burglary in another case (Case No. C257359), and with the State agreeing to dismiss the other charges and to not pursue other uncharged offenses. *See* Guilty Plea Agreement, Exh. 12 (ECF No. 38-12); Transcript of Hearing, Exh. 13 (ECF No. 38-13). Denson stipulated to sentencing as a habitual criminal. *See* Guilty Plea Agreement, Exh. 12 (ECF No. 38-12). An amended information, consistent with the plea agreement, was filed the same day. *See* Amended Information, Exh. 11 (ECF No. 38-11).

Denson was sentenced on October 4, 2010. *See* Transcript of Sentencing, Exh. 14 (ECF No. 38-14). He was sentenced as a habitual criminal to life in prison with a possibility of parole after ten years. *See* Judgment of Conviction, Exh. 15 (ECF No. 38-15). The sentence was made consecutive to his sentence in Case No. C257359. *See id.* The judgment of conviction was filed on October 7, 2010. *See id.*

Denson initiated a state habeas action on September 26, 2011. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 16 (ECF No. 38-16); Addendum to Petition, Exh. 17 (ECF No. 39-1). Counsel was appointed for Denson, and, with counsel, he filed a supplement to his petition. *See* Transcript of Proceedings, February 3, 2012, Exh. 20 (ECF No. 39-4); Supplement to Petition, Exh. 21 (ECF No. 39-5). The court granted Denson an evidentiary hearing regarding his claim that he was denied a direct appeal. *See* Transcript of Proceedings, August 23, 2013, Exh. 23 (ECF No. 39-7). The evidentiary hearing was held on October 18,

2013. *See* Transcript of Proceedings, October 18, 2013 (ECF No. 39-8). At the conclusion of the evidentiary hearing, the court ruled that Denson could proceed with an appeal pursuant to *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994), but denied the habeas petition in all other respects. *See id.* at 149 (ECF No. 39-8, p. 150). The state district court's written order was filed on July 11, 2014. *See* Findings of Fact, Conclusions of Law and Order, Exh. 25 (ECF No. 40-1).

Denson filed a notice of appeal, initiating his *Lozada* appeal, on July 11, 2014. *See* Notice of Appeal, Exh. 26 (ECF No. 40-2). The Nevada Court of Appeals ruled on that appeal on July 14, 2015, affirming Denson's judgment. *See* Order of Affirmance, Exh. 59 (ECF No. 41-22). The remittitur issued on August 10, 2015. *See* Remittitur, Exh. 60 (ECF No. 41-23).

Meanwhile, Denson also appealed from the state district court's judgment in his state habeas action, and the Nevada Court of Appeals ruled on that appeal, as well, on July 14, 2015. *See* Order of Affirmance, Exh. 30 (ECF No. 40-6). The remittitur issued on August 10, 2015. *See* Remittitur, Exh. 31 (ECF No. 40-7).

This Court received Denson's petition for writ of habeas corpus (ECF No. 4), initiating this action, on July 31, 2015. After the matter of the payment of the filing fee was resolved, the respondents filed a motion for more definite statement on October 19, 2016. ECF No. 22. I granted that motion on January 26, 2017. ECF No. 24.

Denson filed an amended habeas petition on May 25, 2017. ECF No. 29. On September 28, 2017, the respondents filed a motion to dismiss, contending that Denson's amended petition was still vague, and that certain of Denson's claims were unexhausted in state court. ECF No. 37. On February 16, 2018, Denson filed a motion for stay, in which he appeared to request a stay of this action while he exhausted claims in state court. ECF No. 43. On March 13, 2018, Denson filed a second amended petition for writ of habeas corpus. ECF No. 46.

I construed Denson's filing of the second amended petition as a motion for leave to amend, and I granted the motion, allowing the filing of Denson's second amended petition. I denied, as moot, Respondents' motion to dismiss the first amended petition as well as Denson's motion for stay. ECF No. 47.

Denson's second amended habeas petition – the operative petition in this case – includes the following claims:

> Ground 1 - Denson's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel.
>
> > A - Trial counsel "failed to review information relative to sentencing."
>
> > B - Trial counsel "failed to provide mitigation in support of concurrent sentences."
>
> > C - Trial counsel "failed to submit both errors and findings to the court in the presentence investigation report (PSI) and failed to expose the judgment of convictions (JOC) to investigations.
>
> Ground 2 - Denson's federal constitutional rights were violated because of the imposition of consecutive sentences.

Second Amended Petition (ECF No. 46), pp. 3-5.

On July 9, 2018, Respondents filed the current motion to dismiss, contending that Ground 2 of Denson's second amended habeas petition is barred by the statute of limitations. ECF No. 48. Denson did not respond to that motion to dismiss.

Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, established a one-year limitation period for federal habeas petitions filed by prisoners challenging state convictions or sentences. The statue provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

4

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The AEDPA limitation period is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2).

A habeas petitioner is entitled to equitable tolling of the AEDPA limitation period if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

The limitation period began to run in Denson's case when his conviction became final. Because Denson did not pursue a direct appeal, that occurred on November 8, 2010, which was 30 days after the judgment of conviction was filed. *See* Judgment of Conviction, Exh. 15 (ECF No. 38-15).

The limitations period was tolled on September 26, 2011, when Denson filed his state habeas petition. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 16 (ECF No. 38-16); *see also* 28 U.S.C. § 2244(d)(2). Before the statutory tolling began – from November 8,

2010, to September 26, 2011 – 322 days ran against the one-year limitation period, leaving 43 days remaining.

Denson's state habeas action was completed on August 10, 2015, when the remittitur issued after the Nevada Court of Appeals ruled on the appeal in Denson's state habeas action. *See* Remittitur, Exh. 31 (ECF No. 40-7). The one-year limitation period began to run again, and it expired 43 days later, on September 22, 2015.

This Court received Denson's original habeas petition for filing, initiating this action, on July 31, 2015. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Denson's original petition was plainly timely filed.

However, Denson's first and second amended petitions were not filed until May 25, 2017, and March 15, 2018, respectively. *See* First Amended Petition (ECF No. 29); Second Amended Petition (ECF No. 46). Denson's amended petitions were both filed long after the expiration of the limitation period.

Denson does not make any argument potentially supporting the application of any other statutory tolling, or any equitable tolling, and I see nothing in the record indicating a basis for any such tolling.

Therefore, the question whether Ground 2 of Denson's second amended habeas petition is barred by the statute of limitations turns on the question whether that claim relates back to the filing of Denson's timely original petition.

In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," but "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported

by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 664.

In Ground 2 of his second amended petition, Denson alleges that his federal constitutional right to due process of law was violated because the trial court abused its discretion in making his sentence in this case consecutive to his sentence in Case No. C257359. There is no such claim in Denson's timely-filed original petition. And there is no claim in Denson's original petition based on the fact that Denson received consecutive sentences. That fact – the core operative fact underlying Ground 2 – is not an operative fact with respect to any claim in the original petition. Ground 2 does not relate back to Denson's original petition.

Ground 2 is barred by the statute of limitations. I therefore grant Respondents' motion to dismiss as to Ground 2. I will set a schedule for Respondents to file an answer, responding to the remaining claims in Denson's second amended petition (Grounds 1A, 1B and 1C).

**IT IS THEREFORE ORDERED** that the Respondents' Motion to Dismiss **(ECF No. 48) is GRANTED**. Ground 2 of Petitioner's Second Amended Petition for Writ of Habeas Corpus (ECF No. 46) is **DISMISSED**.

**IT IS FURTHER ORDERED** that Respondents shall, within 60 days from the date of this order, file an answer responding to the remaining claims in Petitioner's second amended habeas petition, which are Claims 1A, 1B, and 1C, as those claims are described above.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered April 18, 2018 (ECF No. 47) remains in effect – after Respondents file an answer, Petitioner will have 60 days to file a reply.

**IT IS FURTHER ORDERED** that, in light of the amount of time this case has been pending, and the limited number of claims left to be adjudicated, I will not look favorably upon any motion to extend the briefing schedule set forth in this order.

DATED THIS 14th day of September, 2018.

_____
ANDREW P. GORDON,
UNITED STATES DISTRICT JUDGE