# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD DENSON, | Case No.: 2:15-cv-1473-APG-PAL |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| JERRY HOWELL, et al., | |
| Respondents. | |

Petitioner Richard Denson is a Nevada prisoner convicted of burglary in Nevada's Eighth Judicial District Court, in Clark County, Nevada. He filed this *pro se* petition for writ of habeas corpus. I will deny Denson's petition.

## I. Background

On June 1, 2009, Denson was charged by criminal complaint, in Clark County, Nevada with conspiracy to commit larceny, burglary, grand larceny, possession of stolen property, malicious destruction of property, and possession of burglary tools. *See* Criminal Complaint, Exh. 1 (ECF No. 38-1, pp. 6-8). A preliminary hearing was held in a Las Vegas Justice Court on August 10, 2009. *See* Transcript of Preliminary Hearing, Exh. 2 (ECF No. 38-2). Following the preliminary hearing, Denson was bound over to the district court, and an information was filed on August 14, 2009, charging him with the same six crimes. *See* Information, Exh. 3 (ECF No. 38-3). The Information included notice that the State would seek sentencing of Denson as a habitual criminal pursuant to NRS 207.010. *See id.* at 5-6 (ECF No. 38-3, pp. 6-7).

On July 23, 2010, Denson and the State entered into a plea agreement. Denson agreed to plead guilty to one count of burglary in Case No. C257081 and one count of burglary in Case

No. C257359. The State agreed to dismiss the other charges in both cases, and to not pursue other uncharged offenses. *See* Guilty Plea Agreement, Exh. 12 (ECF No. 38-12); Transcript of Hearing, Exh. 13 (ECF No. 38-13). Denson stipulated to sentencing as a habitual criminal. *See* Guilty Plea Agreement, Exh. 12 (ECF No. 38-12). An Amended Information, consistent with the plea agreement, was filed the same day. *See* Amended Information, Exh. 11 (ECF No. 38-11).

Denson's sentencing was on October 4, 2010. *See* Transcript of Sentencing, Exh. 14 (ECF No. 38-14). He was sentenced, as a habitual criminal, to life in prison with the possibility of parole after ten years. *See* Judgment of Conviction, Exh. 15 (ECF No. 38-15). The sentence was made consecutive to his sentence in Case No. C257359, which was a prison sentence of 8 to 20 years. *See id*. The judgment of conviction was filed on October 7, 2010. *See id*.

Denson initiated a state habeas action on September 26, 2011. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 16 (ECF No. 38-16); Addendum to Petition, Exh. 17 (ECF No. 39-1). Counsel was appointed for Denson, who filed a supplement to the petition. *See* Transcript of Proceedings, February 3, 2012, Exh. 20 (ECF No. 39-4); Supplement to Petition, Exh. 21 (ECF No. 39-5). The state court granted Denson an evidentiary hearing, which was held on October 18, 2013. *See* Transcript of Proceedings, August 23, 2013, Exh. 23 (ECF No. 39-7); Transcript of Proceedings, October 18, 2013, Exh. 24 (ECF No. 39-8). At the conclusion of the evidentiary hearing, the court ruled that Denson could proceed with an appeal pursuant to *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994), but denied Denson's petition in all other respects. *See id*. at 149 (ECF No. 39-8, p. 150). The state district court's written order was filed on July 11, 2014. *See* Findings of Fact, Conclusions of Law and Order, Exh. 25 (ECF No. 40-1).

Denson filed a notice of appeal, initiating his *Lozada* appeal, on July 11, 2014. *See* Notice of Appeal, Exh. 26 (ECF No. 40-2). The Nevada Court of Appeals affirmed the judgment of conviction on July 14, 2015. *See* Order of Affirmance, Exh. 59 (ECF No. 41-22). The remittitur issued on August 10, 2015. *See* Remittitur, Exh. 60 (ECF No. 41-23).

Denson also appealed from the state district court's judgment in his state habeas action, and the Nevada Court of Appeals affirmed that judgment on July 14, 2015. *See* Order of Affirmance, Exh. 30 (ECF No. 40-6). The court's remittitur was issued on August 10, 2015. *See* Remittitur, Exh. 31 (ECF No. 40-7).

This Court received Denson's petition for writ of habeas corpus initiating this action on July 31, 2015. ECF No. 4. After the payment of the filing fee was resolved, the respondents filed a motion for more definite statement on October 19, 2016 (ECF No. 22). I granted that motion on January 26, 2017. ECF No. 24.

Denson filed an amended habeas petition on May 25, 2017. ECF No. 29. On September 28, 2017, the respondents filed a motion to dismiss, contending that Denson's amended petition was still vague and that certain of Denson's claims were unexhausted in state court. ECF No. 37.

On February 16, 2018, Denson filed a motion for stay, in which he appeared to request a stay of this action to exhaust claims in state court. ECF No. 43. On March 13, 2018, Denson filed a second amended petition for writ of habeas corpus. ECF No. 46. In an order entered on April 18, 2018, I construed Denson's filing of the second amended petition as a motion for leave to amend, and granted the motion, allowing the filing of Denson's second amended petition. I denied as moot the respondents' motion to dismiss the first amended petition, and I denied Denson's motion for stay. ECF No. 47.

Denson's second amended habeas petition – now the operative petition – includes the following claims:

> Ground 1 - Denson's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel.
>
> > A - Trial counsel "failed to review information relative to sentencing."
> >
> > B - Trial counsel "failed to provide mitigation in support of concurrent sentences."
> >
> > C - Trial counsel "failed to submit both errors and findings to the court in the presentence investigation report (PSI) and failed to expose the judgment of convictions (JOC) to investigations.
>
> Ground 2 - Denson's federal constitutional rights were violated because of the imposition of consecutive sentences.

ECF No. 46, pp. 3-5.

On July 9, 2018, Respondents filed a motion to dismiss, contending that Ground 2 of Denson's second amended habeas petition is barred by the statute of limitations. ECF No. 48. On September 14, 2018, I granted that motion and dismissed Ground 2. ECF No. 49. The respondents filed an answer responding to the remaining claims in Denson's second amended habeas petition on November 7, 2018. ECF No. 50. Denson did not file a reply.

**II.     Discussion**

     A.     Standard of Review

28 U.S.C. § 2254(d) sets forth the standard of review applicable in this case under the Antiterrorism and Effective Death Penalty Act (AEDPA):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254 "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529 U.S. at 409).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has stated "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102 (citing *Lockyer*, 538 U.S. at 75);

5

*see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing standard as "a difficult to meet" and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (internal quotation marks and citations omitted)).

        B.      <u>Ineffective Assistance of Counsel – Legal Standard</u>

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court propounded a two prong test for analysis of claims of ineffective assistance of counsel: the petitioner must demonstrate (1) that the attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. A court considering a claim of ineffective assistance of counsel must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id*. at 689. The petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. And, to establish prejudice under *Strickland*, it is not enough for the habeas petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

In analyzing a claim of ineffective assistance of counsel under *Strickland*, a court may first consider either the question of deficient performance or the question of prejudice; if the petitioner fails to satisfy one element of the claim, the court need not consider the other. *See Strickland*, 466 U.S. at 697.

C. Denson's Claims

In his remaining claims, Denson contends that his federal constitutional rights were violated as a result of ineffective assistance of his trial counsel with respect to his sentencing because his counsel "failed to review information relative to sentencing," "failed to provide mitigation in support of concurrent sentences," "failed to submit both errors and findings to the court in the presentence investigation report (PSI), and failed to expose the judgment of convictions (JOC) to investigations." ECF No. 46, pp. 3-3f (as in original).

Denson asserted these claims in his state habeas action. On his appeal in that case, the Nevada Court of Appeals ruled as follows:

> ... Denson claims trial counsel was ineffective at sentencing because she failed to prepare. He claims trial counsel did not review his prior convictions and did not argue several of the convictions were old and stale and all of them were nonviolent. He also claimed trial counsel did not develop mitigation evidence including he had worked for two years as a miner, had the support of his family, or had struggled to find work as a felon. Denson fails to demonstrate he was prejudiced by counsel's failure to prepare more for sentencing. Denson stipulated to treatment as a large habitual criminal. The only real issue at sentencing was whether this case should be run consecutive to his other case. The district court concluded, given Denson's overwhelming and expansive criminal record, he could not demonstrate a reasonable probability he would have received concurrent time rather than consecutive time had trial counsel presented additional mitigation evidence. Substantial evidence supports the decision of the district court. Denson had numerous prior convictions that spanned 24 years and 5 states. He also had 5 pending cases, three of which were dismissed pursuant to the negotiations and the State also agreed not to pursue other uncharged cases from 2009 and 2010. Further, Denson allegedly committed another crime while out on bail in the instant case. Therefore, the district court did not err in denying this claim.

Order of Affirmance, Exh. 30, pp. 3-4 (ECF No. 40-6, pp. 4-5).

The state court's ruling was reasonable. Denson does not make any showing that he was prejudiced by the alleged errors of counsel. There is no reasonable probability that, but for the alleged errors of counsel, the result of Denson's sentencing would have been different.

7

In Ground 1 of his second amended petition, Denson alleges the following specific errors of his trial counsel at his sentencing:

- Counsel provided an insufficient response when the sentencing judge asked: "One thing that this man has done in his adult life that is a positive thing, just tell me one, because I don't see it." *See* Second Amended Petition (ECF No. 46), pp. 3a-3f; *see also* Sentencing Transcript, Exh. 14, p. 10 (ECF No. 38-14, p. 11).

- Counsel did not inform the sentencing judge that Denson had worked for numerous years and was a taxpayer. *See* Second Amended Petition (ECF No. 46), pp. 3a, 3c.

- Counsel did not inform the sentencing judge that Denson "had an honorable discharge from probation in Utah." *See id*.

- Counsel did not inform the sentencing judge that Denson had marketable skills as a certified welder. *See id*. at 3a.

- Counsel did not inform the sentencing judge that Denson "worked in uranium mines in Utah." *See id*.

- Counsel did not inform the sentencing judge that Denson is an artist. *See id*.

- Counsel did not inform the sentencing judge that Denson "married a woman with children and helped both financially and emotionally in their raising." *See id*.

- Counsel did not inform the sentencing judge that Denson's "childhood was from a broken home from age 11 on." *See id*.

- Counsel did not inform the sentencing judge that Denson's prior convictions were for non-violent offenses. *See id*.

- Counsel did not inform the sentencing judge that a significant number of Denson's prior convictions were "remote," from when Denson was in his teens. *See id*.

- Counsel did not inform the sentencing judge that there was a "break of some 13 years in between offenses." *See id*. at 3d.

- Counsel did not inform the sentencing judge that the prosecutor, after speaking with Denson, determined that the State would not argue for consecutive sentences. *See id*. at 3b, 3c.

- Counsel did not present the sentencing judge with a "reasonable synopsis of the nonviolent offenses and the over 25 year old convictions went ignored." *See id.* at 3b (as in original).

There is no question that, at Denson's sentencing hearing, the sentencing court was informed of all the information that Denson faults his counsel for not articulating. *See* Sentencing Transcript, Exh. 14 (ECF No. 38-14); Presentence Investigation Report, Exh. 62 (ECF No. 54-1) (filed under seal). Denson has not identified any significant mitigating evidence that was unknown to the sentencing judge. And Denson has not pointed to any significant error in the presentence investigation report that was left uncorrected. I must conclude, then, that what is left of Denson's argument is that his counsel should have argued more convincingly to the sentencing judge, making use of the information specified by Denson, in response to the judge's comment—which was apparently a rhetorical comment, rather than a question seeking information from counsel—that he saw nothing positive that Denson had done in his adult life. This argument is meritless. In view of Denson's extensive criminal history, including his criminal activity while on bail in this case, there is no showing of a reasonable probability that the judge would have sentenced Denson to concurrent prison time, instead of consecutive time, had counsel argued Denson's case differently at the sentencing hearing. The state court did not unreasonably apply *Strickland* in denying Denson relief. I will therefore deny Denson's habeas petition.

### III. <u>Certificate of Appealability</u>

The standard for issuance of a certificate of appealability (COA) calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more

complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Supreme Court further illuminated the standard in *Miller-El v. Cockrell*, 537 U.S. 322 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

The claims in Ground 1 of Denson's second amended habeas petition, addressed on their merits in this order, do not satisfy the standard for a certificate of appealability. In addition, I have reviewed my order of September 14, 2018 (ECF No. 49), and a certificate of appealability is unwarranted with respect to the procedural ruling in that order regarding Ground 2 of Denson's second amended habeas petition. Neither the ruling in this order, nor the ruling in my September 14, 2018 order, is reasonably debatable. I therefore deny Denson a certificate of appealability.

IT IS THEREFORE ORDERED that the petitioner's Second Amended Petition for Writ of Habeas Corpus **(ECF No. 46) is DENIED**.

IT IS FURTHER ORDERED that the petitioner is denied a certificate of appealability.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

Dated: February 21, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE